This is the petition of E. C. Wallace, of the Territory of Montana, for a mandamus to the Postmaster-General. The case stated in the petition is as follows: That by section 3949 of the Eevised Statutes, all contracts for carrying the mail shall fié in the name of the United States, and shall be *338 awarded to the lowest bidder tendering sufficient guaranties for faithful performance, without other reference to the mode of transportation than may be necessary to provide for the due celerity, certainty, and security thereof; that the petitioner was the lowest bidder for a certain mail route in the Territory of Montana for the sum of $4,700 per annum, and filed the oath,and bond required by law for the faithful performance of said service, and that it thereupon became the duty of the Postmaster-General to award the contract for said service to the petitioner, but that he refused so to do, but did award the same to Hugh F. Galen and Leander W. Black; that the proposal made by them was without the oath of the said bidders affixed thereto that they, or either them, had the pecuniary ability to perform said contract, or that their bid was made in good faith; that, however, they pretended to file a bond according to law, but that neither of them signed * it before a certificate was made thereon by any postmaster, as required by law; that a certificate at the foot of said bond by H. Course, postmaster at Helena, Montana Territory, by J. Moftatt, deputy, to the effect that said Galen and Black had signed said bond as required bylaw, was. untrue and false, as the Postmaster-General had been notified; that no contract has yet been executed, and that the awarding of said contract to Galen and Black, and the refusal to award the same to petitioner, was a breach of ministerial duty on the part of David M. Key, Postmaster-General, and which duty he can still perform.
The prayer is, that the writ issue requiring him to show cause why he should not be compelled to enter into a contract with petitioner in the name of the United States for said service, &c. The petition was submitted to the consideration of the court, and on the following morning the court announced that they had come to the conclusion not to grant a preliminary order to show cause upon the face of the petition itself, saying that the Supreme Court has decided that the late Circuit Court of this District had jurisdiction to issue a writ of mandamus to the Postmaster-General to compel him *339 to perform a merely ministerial act, and as to which he had no discretion; (Kendall v. United States, 12 Peters, 524;) and soon afterwards, in Decatur v. Paulding, 14 Peters, 497, they decided that the writ could not be issued to compel the Secretary of the Navy to perform an executive act not merely ministerial, but involving the exercise of judgment. "When they have subsequently had occasion to discuss this subject, they have always held that this writ was restricted to the exercise of ministerial duty alone.
Matt H. Carpenter and James S. Eisenberg, for petitioner.
A moment’s reflection will discover that in the present case there is matter of investigation and for the exercise of j udgment upon the statement made in the petition. The facts were before the Postmaster-General, and he has acted upon them and decided that, in his judgment, Galen and Black were the lowest responsible bidders. He has, therefore, disposed of the question' submitted to his judgment, and with that we have no right to interfere. The rule to show cause is refused.